**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DANIEL BLUE,**                                    **CASE NO. 2:08-cv-00694**
                                                    **CRIM. NO. 2:91-cr-00165**
            **Petitioner,**                         **JUDGE GRAHAM**
                                                    **MAGISTRATE JUDGE KEMP**
**v.**

**UNITED STATES OF AMERICA,**

            **Respondent.**

**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner, brings the instant "motion for writ of judgment order"

alleging that under 18 U.S.C. §3585(b)[1] and §5G1.3(b)[2] of the United States Sentencing

---

[1]  18 U.S.C. §3854 provides:

Multiple sentences of imprisonment

(a) Imposition of concurrent or consecutive terms.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

(b) Factors to be considered in imposing concurrent or consecutive terms.--The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).

(c) Treatment of multiple sentence as an aggregate.--Multiple terms of

Guidelines he is entitled to credit on his federal sentence for 16 ½ years served on related

imprisonment ordered to run consecutively or concurrently shall be
treated for administrative purposes as a single, aggregate term of imprisonment.

[2] 18 U.S.C.A. 5G1.3 provides:

Imposition of a Sentence on a Defendant Subject to an Undischarged Term
of Imprisonment

(a) If the instant offense was committed while the defendant was serving a
term of imprisonment (including work release, furlough, or escape status)
or after sentencing for, but before commencing service of, such term of
imprisonment, the sentence for the instant offense shall be imposed to run
consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and a term of imprisonment resulted
from another offense that is relevant conduct to the instant offense of
conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §
1B1.3 (Relevant Conduct) and that was the basis for an increase in the
offense level for the instant offense under Chapter Two (Offense Conduct)
or Chapter Three (Adjustments), the sentence for the instant offense shall
be imposed as follows:

(1) the court shall adjust the sentence for any period of imprisonment
already served on the undischarged term of imprisonment if the court
determines that such period of imprisonment will not be credited to the
federal sentence by the Bureau of Prisons; and

(2) the sentence for the instant offense shall be imposed to run
concurrently to the remainder of the undischarged term of imprisonment.
(c) (Policy Statement) In any other case involving an undischarged term of
imprisonment, the sentence for the instant offense may be imposed to run
concurrently, partially concurrently, or consecutively to the prior
undischarged term of imprisonment to achieve a reasonable punishment
for the instant offense.

state court convictions. Petitioner asserts that imposition of consecutive prison terms on his allegedly related state and federal convictions violates the Double Jeopardy Clause. He requests that the Court issue a "nunc pro tunc" order crediting his sentence with 16 ½ years for time served on his state court convictions. Construing petitioner's motion under 28 U.S.C. §2255, this matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred.

Petitioner's motion plainly is time-barred. Petitioner challenges his March 20, 1992, sentence. Under the provisions of 28 U.S.C. § 2255(f), a one-year period of limitation applies to persons filing a motion to vacate sentence:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Where, as here, petitioner's judgment of conviction became final prior to April 24, 1996, the effective date of the AEDPA, petitioner had one year from such date, or until April 24, 1997, within which to file his federal habeas corpus petition.  *Austin v. Mitchell*, 200 F.3d 391 (6th Cir. 1999), *overruled on other grounds*, *Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004). Petitioner waited more than eleven years later, until June 26, 2008, to sign the instant motion.  Further, he has failed to allege any extraordinary circumstances to justify equitable tolling of the statute of limitations for the time period at issue.  *See Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
_____
United States Magistrate Judge