IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DANIEL BLUE,**  CASE NO. 2:08-cv-00694
CRIM. NO. 2:91-cr-00165
JUDGE GRAHAM
**Petitioner,**  MAGISTRATE JUDGE KEMP

v.

**UNITED STATES OF AMERICA,**

**Respondent.**

## OPINION AND ORDER

On August 7, 2008, the Magistrate Judge issued a *Report and Recommendation* construing petitioner's "motion for writ of judgment order as a motion to vacate, set aside, or correct sentence under 28 U.S.C. §2255 and, recommending dismissal of petitioner's motion as untimely pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his §2255 petition as untimely. He contends that the Magistrate Judge improperly construed his motion under 28 U.S.C. §2255 without first advising petitioner and giving him the opportunity to withdraw his petition. Petitioner asserts that his motion should instead be construed under 28 U.S.C. §2241 and transferred to the District Court having jurisdiction over the prison where he is incarcerated.  Additionally, petitioner requests that

respondent's Return of Writ be stricken from the record. *See Objections*.

In *Castro v. United States*, 540 U.S. 375, 382-83 (2003), the United States Supreme Court held:

> [W]hen a court recharacterizes a *pro se* litigant's motion as a first §2255 motion.... the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the §2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions. § 2255, ¶ 8.

*Id.* The concerns of *Castro v. United States, supra*, however, are not applicable in this case since, for the reasons discussed by the Magistrate Judge, the statute of limitations expired long before petitioner filed his §2255 petition.

Further, while challenges to the execution of a prisoner's sentence under 28 U.S.C. §2241 must be brought in the judicial district of the prison where the petitioner is housed, *Griffin v. Herrera,* 212 F. Supp .2d 707, 709 (E.D. Michigan 2002), citing *Charles v. Chandler,* 180 F.3d 753 (6th Cir.1999), petitioner asserts in the instant motion that he is entitled to credit for the 16 ½ years time served on an allegedly related state court conviction, pursuant to §5G1.3 of the United States Sentencing Guidelines . He seeks a reduction of his sentence on these grounds. Petitioner therefore challenges the validity of his sentence, not its execution and his motion is properly brought under 28 U.S.C. §2255, not 28 U.S.C. §2241. *See Charles v Chandler*, supra, 80 F.3d at 756-58. Further, petitioner may not pursue

his claim under §2241 simply because the statute of limitations has already expired. *Id.*, at 758.

> A habeas petitioner is "not permitted to circumvent the procedural requirements and gatekeeping mechanisms of § 2254 and § 2255 merely by labeling a petition as one brought under § 2241." *Woodfin v. Angelone,* 213 F.Supp.2d 593, 595 (E.D.Va.2002). Several courts of appeals, including the Sixth Circuit, have held that the AEDPA's one-year statute of limitations applies equally to habeas petitions filed by state prisoners under 28 U.S.C. § 2241. *See Brock v. Howes,* 96 Fed. Appx. 968, 969 (6th Cir.2004); *Burger v. Scott,* 317 F.3d 1133, 1138 (10th Cir.2003); *Owens v. Boyd,* 235 F.3d 356, 360 (7th Cir.2000). District courts have reached the same conclusion. *See McLean v. Smith,* 193 F.Supp.2d 867, 872 (M.D.N.C.2002); *Woodfin,* 213 F.Supp.2d at 595-96 (dismissing habeas petition brought by state prisoner under §i 2241 as being time barred by the AEDPA's statute of limitations period).

*Frazier v. Moore*, 2006 WL 3146436 (S.D. Ohio October 31, 2006), citing *Butler v. Davis*, 2006 WL 950263 (E.D. Michigan April 10, 2006).

Finally, the respondent did not serve upon petitioner a copy of the response to petitioner's motion because no such a response was filed since the Magistrate Judge recommended dismissal of this action pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Petitioner's motion to strike therefore is **DENIED.**

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation*. For the foregoing reasons, and for the reasons detailed by the Magistrate Judge, petitioner's objections are not well taken and are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action

is hereby **DISMISSED.**

    **IT IS SO ORDERED.**

|  |  |
|---|---|
|  | S/James L. Graham |
|  | JAMES L. GRAHAM |
| Date:  September 18, 2008 | United States District Judge |